UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PAULA FOOTE, *et al.*<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>HEALTH INSURANCE<br>INNOVATIONS, INC., *et al.*<br><br>　　　　　　　Defendant(s). | Civil Action No. 8:18-cv-00690-EAK-TGW |

**DEFENDANT HEALTH INSURANCE INNOVATIONS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED
CLASS ACTION COMPLAINT**

Defendant, Health Insurance Innovations, Inc. ("HII"), by and through the undersigned counsel, hereby files this Answer and Affirmative Defenses and responds to the First Amended Class Action Complaint (Doc. #10) filed by Plaintiffs, Paula Foote, Terry Fabricant, Sidney Naiman, and Lucy Alsuliman, individually and on behalf of others similarly situated, and says and alleges as follows:

**ANSWER**

**Nature of the Case**

1.　Denies the allegations set forth in paragraph 1 of the First Amended Class Action Complaint.

**Jurisdiction & Venue**

2.　Denies the allegations set forth in paragraph 2 of the First Amended Class Action Complaint.

3.　Admits that venue is proper in this District, and denies each and every other allegation set forth in paragraph 3 of the First Amended Class Action Complaint.

**Parties**

4. Denies for want of knowledge or information sufficient to form a belief as to truth or accuracy of the allegations set forth in paragraph 4 of the First Amended Class Action Complaint.

5. Denies for want of knowledge or information sufficient to form a belief as to truth or accuracy of the allegations set forth in paragraph 5 of the First Amended Class Action Complaint.

6. Denies for want of knowledge or information sufficient to form a belief as to truth or accuracy of the allegations set forth in paragraph 6 of the First Amended Class Action Complaint.

7. Denies for want of knowledge or information sufficient to form a belief as to truth or accuracy of the allegations set forth in paragraph 7 of the First Amended Class Action Complaint.

8. States that HII is a distributor and cloud-based administrator of individual and family health insurance plans, but denies each and every other allegation set forth in paragraph 8 of the First Amended Class Action Complaint.

9. Denies the allegations set forth in paragraph 9 of the First Amended Class Action Complaint.

10. Denies the allegations set forth in paragraph 10 of the First Amended Class Action Complaint.

**Factual Allegations**

11. Denies the allegations set forth in paragraph 11 of the First Amended Class Action Complaint.

12. Denies the allegations set forth in paragraph 12 of the First Amended Class Action Complaint.

13. Denies the allegations set forth in paragraph 13 of the First Amended Class Action Complaint.

14. Denies for want of knowledge or information sufficient to form a belief as to truth or accuracy of the allegations set forth in paragraph 14 of the First Amended Class Action Complaint.

15. Denies for want of knowledge or information sufficient to form a belief as to truth or accuracy of the allegations set forth in paragraph 15 of the First Amended Class Action Complaint.

16. Denies the allegations set forth in paragraph 16 of the First Amended Class Action Complaint.

17. Denies the allegations set forth in paragraph 17 of the First Amended Class Action Complaint.

18. Denies the allegations set forth in paragraph 18 of the First Amended Class Action Complaint.

19. Denies the allegations set forth in paragraph 19 of the First Amended Class Action Complaint.

20. Denies for want of knowledge or information sufficient to form a belief as to truth or accuracy of the allegations set forth in paragraph 20 of the First Amended Class Action Complaint.

21. Denies the allegations set forth in paragraph 21 of the First Amended Class Action Complaint.

22. Denies the allegations set forth in paragraph 22 of the First Amended Class Action Complaint.

23. Denies the allegations set forth in paragraph 23 of the First Amended Class Action Complaint.

24. Denies the allegations set forth in paragraph 24 of the First Amended Class Action Complaint.

25. Denies the allegations set forth in paragraph 25 of the First Amended Class Action Complaint.

**Class Action Allegations**

26. Denies the allegations set forth in paragraph 26 of the First Amended Class Action Complaint.

27. Denies the allegations set forth in paragraph 27 of the First Amended Class Action Complaint.

28. Denies the allegations set forth in paragraph 28 of the First Amended Class Action Complaint.

29. Denies the allegations set forth in paragraph 29 of the First Amended Class Action Complaint.

30. Denies the allegations set forth in paragraph 30 of the First Amended Class Action Complaint.

31. Denies the allegations set forth in paragraph 31 of the First Amended Class Action Complaint.

32. Denies the allegations set forth in paragraph 32 of the First Amended Class Action Complaint.

33. Denies the allegations set forth in paragraph 33 of the First Amended Class Action Complaint.

34. Denies the allegations set forth in paragraph 34 of the First Amended Class Action Complaint.

35. Denies the allegations set forth in paragraph 35 of the First Amended Class Action Complaint.

36. Denies the allegations set forth in paragraph 36 of the First Amended Class Action Complaint.

37. Denies the allegations set forth in paragraph 37 of the First Amended Class Action Complaint.

38. Denies the allegations set forth in paragraph 38 of the First Amended Class Action Complaint.

39. Denies the allegations set forth in paragraph 39 of the First Amended Class Action Complaint.

40. Denies the allegations set forth in paragraph 40 of the First Amended Class Action Complaint.

41. Denies the allegations set forth in paragraph 41 of the First Amended Class Action Complaint.

42. Denies the allegations set forth in paragraph 42 of the First Amended Class Action Complaint.

### First Cause of Action
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(b)
### On Behalf of the ATDS Class

43. Incorporates the responses to all of the paragraphs set forth above, as realleged in paragraph 43 of the First Amended Class Action Complaint.

44. Denies the allegations set forth in paragraph 44 of the First Amended Class Action Complaint.

45. Denies the allegations set forth in paragraph 45 of the First Amended Class Action Complaint.

46. Denies the allegations set forth in paragraph 46 of the First Amended Class Action Complaint.

### Second Cause of Action
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(b)
### On Behalf of the ATDS Class

47. Incorporates the responses to all of the paragraphs set forth above, as realleged in paragraph 47 of the First Amended Class Action Complaint.

48. Denies the allegations set forth in paragraph 48 of the First Amended Class Action Complaint.

49.     Denies the allegations set forth in paragraph 49 of the First Amended Class Action Complaint.

50.     Denies the allegations set forth in paragraph 50 of the First Amended Class Action Complaint.

### Third Cause of Action
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c)
### On Behalf of the DNC Class

51.     Incorporates the responses to all of the paragraphs set forth above, as realleged in paragraph 51 of the First Amended Class Action Complaint.

52.     Denies the allegations set forth in paragraph 52 of the First Amended Class Action Complaint.

53.     Denies the allegations set forth in paragraph 53 of the First Amended Class Action Complaint.

54.     Denies the allegations set forth in paragraph 54 of the First Amended Class Action Complaint.

### Fourth Cause of Action
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227 et seq.
### On Behalf of the DNC Class

55.     Incorporates the responses to all of the paragraphs set forth above, as realleged in paragraph 55 of the First Amended Class Action Complaint.

56.     Denies the allegations set forth in paragraph 56 of the First Amended Class Action Complaint.

57. Denies the allegations set forth in paragraph 57 of the First Amended Class Action Complaint.

58. Denies the allegations set forth in paragraph 58 of the First Amended Class Action Complaint.

## General Response

59. Denies each and every allegation in the First Amended Class Action Complaint not specifically admitted, denied, controverted or otherwise addressed above.

## AFFIRMATIVE DEFENSES

HII asserts the following affirmative defenses without altering Plaintiffs' burden of proof on any of the issues in this action.

## First Affirmative Defense

The First Amended Class Action Complaint, in whole and material part, fails to state any plausible claim upon which relief may be granted because the statutory penalties sought are prohibited by law including the Due Process Clauses of the Florida and U.S. Constitutions.

## Second Affirmative Defense

No act or omission by HII caused any compensable injury, and any compensable injury sustained was caused by the acts and omissions of others, including third parties over which HII had and has no control over, and/or by the acts or omissions of Plaintiffs.

## Third Affirmative Defense

The claims asserted in the First Amended Class Action Complaint are barred, in whole and material part, by the statute of limitations.

**Fourth Affirmative Defense**

HII's actions, practices and procedures were reasonable and taken in good faith and with the well-founded belief that such conduct was at all times in compliance with applicable laws, rules and regulations. To the extent that any conduct alleged in the First Amended Class Action Complaint may be actionable, such conduct was unintentional and occurred despite HII's reasonable good-faith efforts to be compliant.

**Fifth Affirmative Defense**

The telephone calls that are the subject of the First Amended Class Action Complaint were encouraged, invited, and initiated by consent, and/or made in the context of an established business relationship.

**Sixth Affirmative Defense**

The claims for damages, including treble damages, in the First Amended Class Action Complaint are barred as HII did not knowingly or willfully make the alleged telephone calls in violation of the TCPA.

**Seventh Affirmative Defense**

The First Amended Class Action Complaint fails to join necessary and indispensable parties.

**Eighth Affirmative Defense**

Any acts or omissions by persons other than HII, which form the basis of the claims asserted in the First Amended Class Action Complaint, occurred without HII's knowledge, authorization, consent, ratification or approval.

**Ninth Affirmative Defense**

Any damages sought can only be predicated upon the intervening and superseding conduct or omissions of third parties and persons other than HII.

**Tenth Affirmative Defense**

The failure to exercise reasonable care and diligence caused or contributed to any alleged injury or damages, and any recovery must therefore be eliminated or reduced proportionately.

**Eleventh Affirmative Defense**

There has been a failure to take reasonable measures to mitigate and compensable injury sustained.

**Twelfth Affirmative Defense**

For all telephone calls that are the subject of the First Amended Class Action Complaint, consent was received.

**Thirteenth Affirmative Defense**

The claims asserted in the First Amended Class Action Complaint are barred, in whole and material part, by the doctrines of waiver, estoppel, ratification, laches, and release.

**Fourteenth Affirmative Defense**

Any legal duties owed based upon the allegations in the First Amended Class Action Complaint have been fully performed, satisfied or waived.

**Fifteenth Affirmative Defense**

Any claim for damages must be set off by Plaintiffs' inequitable and wrongful conduct.

### Sixteenth Affirmative Defense

Plaintiffs fail to state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23 in that, among other things, the claims Plaintiffs seek to assert cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiffs attempts to assert.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of unclean hands as Plaintiffs are pursuing this litigation as a class action, not to seek compensation for damages allegedly suffered, as contemplated by statute, but to enrich themselves by seeking disproportionate payments from HII.

### Eighteenth Affirmative Defense

Plaintiffs did not sustain any damages. To the extent Plaintiffs sustained any damages, such damages are *de minimus* and non-actionable, and any such damages are not representative and/or the same as the putative class members Plaintiffs seek to represent.

### Nineteenth Affirmative Defense

A settlement and release bars some of the claims asserted.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered or otherwise responded to the allegations set forth in the First Amended Class Action Complaint, Defendant, Health Insurance Innovations, Inc., hereby demands judgment in favor of Defendant, Health Insurance

Innovations, Inc., that: (i) Plaintiffs take nothing by way of the claims asserted in the First Amended Class Action Complaint; (ii) this action be dismissed in its entirety, with prejudice; (iii) attorneys' fees and costs incurred in this action should be awarded to Defendant, Health Insurance Innovations, Inc., and; (iv) other and further relief be awarded as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant, Health Insurance Innovations, Inc., demands a jury trial on all issues in this action triable by a jury as a matter of right pursuant to Fed. R. Civ. P. 38.

### RESERVATION OF RIGHTS

Defendant, Health Insurance Innovations, Inc., reserves the right, upon further investigation and discovery, to assert such additional defenses and/or claims and join such additional responsible parties as may be just and appropriate.

Dated: May 23, 2018

By: *s/ Garry W. O'Donnell*
    Garry W. O'Donnell, Esq.
    Florida Bar No. 0478148
    GREENSPOON MARDER LLP
    One Boca Place
    2255 Glades Road, Suite 400-E
    Boca Raton, Florida 33431
    Telephone: (561) 994-2212 x1567
    Facsimile: (561) 807-7527
    Email: garry.odonnell@gmlaw.com
    *Trial Attorney for Defendant, Health Insurance Innovations, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of Court using the Court's CM/ECF system on this 23rd day of May, 2018, which will generate notification to all counsel of record or pro se parties identified below, thereby notifying the following parties of record below:

**Raymond R. Dieppa, Esq.**
Email: ray.dieppa@floridalegal.law
FLORIDA LEGAL, LLC
14 NE First Avenue, Suite 1001
Miami, Florida 33132-2410
Telephone: (305) 901-2209
*Attorneys for Plaintiffs, Paula Foote,*
*Terry Fabricant, Sidney Naiman, and*
*Lucy Alsuliman*

                                                By: *s/ Garry W. O'Donnell*
                                                    Garry W. O'Donnell, Esq.